IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00440-BNB

RONALD PLUMMER,

    Plaintiff,

v.

DANIELS, Warden,
MCDERMOTT, Hospital Administrator,
ALLRED, Clinical Director,
MCROY, Mid-Level Provider,
CINK, Mid-Level Provider,
JANE DOE, and
JOHN DOE,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ronald Plummer, is a prisoner in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado.  He initiated this action by submitting **pro se** a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unkown Named Agents***, 403 U.S. 388 (1971).  Mr. Plummer has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Prisoner Complaint liberally because Mr. Plummer is not represented by an attorney.  **See *Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for **pro se** litigants.  **See *Hall***, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons

discussed below, Mr. Plummer will be ordered to file an amended complaint.

Mr. Plummer alleges in the Prisoner Complaint that he turned in a "sick call" request to the USP-Florence medical department on October 16, 2012, but Defendant McRoy failed to respond for thirty-one days. Plaintiff further alleges that he made eleven requests for medical attention over a three-month period for pain he was suffering due to a hernia, but Defendant Cink repeatedly ignored his requests for pain medication. Mr. Plummer states that he was seen by the "MLP's" one time, and only to take his blood pressure. Plaintiff alleges that the medical policies and procedures at USP-Florence "did not meet 'adequate medical care standards,'" and that continued adherence to the policies by Defendants Daniels, McDermott, and Allred constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 1, at 6). He seeks compensatory damages.

The Prisoner Complaint is deficient because Mr. Plummer fails to allege specific facts to show the personal participation of Defendants Daniels, McDermott, Allred, Jane Doe, and John Doe in a violation of his constitutional rights. Personal participation is an essential element of a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v.*

*Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[ *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Accordingly, it is

ORDERED that Plaintiff, Ronald Plummer, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss some of the Defendants without further notice for the reasons discussed above.  It is

DATED February 28, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge