IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00440-BNB

RONALD PLUMMER,

      Plaintiff,

v.

DANIELS, Warden,
MCDERMOTT, Hospital Administrator,
ALLRED, Clinical Director,
MCROY, Mid-Level Provider,
CINK, Mid-Level Provider,
JANE DOE, and
JOHN DOE,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

      Plaintiff, Ronald Plummer, is a prisoner in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971).

      On March 1, 2013, Magistrate Judge Boyd N. Boland reviewed the Prisoner Complaint and determined that it was deficient because Mr. Plummer failed to allege the personal participation of each of the named Defendants in a deprivation of his constitutional rights. Magistrate Judge Boland therefore ordered Plaintiff to file an Amended Complaint within thirty days of the March 1 Order. Mr. Plummer filed an

Amended Complaint on March 25, 2013.

The Court must construe the Amended Complaint liberally because Mr. Plummer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Mr. Plummer has been granted leave to proceed pursuant to 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Amended Complaint because Mr. Plummer is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Amended Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams* , 490 U.S. 319, 324 (1989). For the reasons stated below, the Amended Complaint and the action will be dismissed, in part.

Mr. Plummer alleges in the Amended Complaint that he turned in a "sick call" request to the USP-Florence medical department on October 16, 2012, but Defendant McRoy failed to respond for thirty-one days. Plaintiff further alleges that he made eleven requests for medical attention over a three-month period for the substantial pain he was suffering due to a hernia, but Defendant Cink repeatedly ignored his requests for pain medication. Mr. Plummer states that he was seen by the "MLP's" one time, and only to take his blood pressure. Plaintiff alleges that he submitted grievances and lodged repeated verbal complaints with Defendant Warden Daniels concerning his need for medical treatment, but Warden Daniels told him to use the medical department

2

procedures.  Mr. Plummer states that Defendant Clinical Director Allred determined on

December 7, 2012, that Plaintiff should see an outside physician for his hernia but has

not done anything to facilitate Plaintiff's treatment for more than three and a half

months.  Plaintiff asserts that the medical policies and procedures at USP-Florence

implemented by Defendant McDermott "d[o] not meet 'adequate medical care

standards'" and that McDermott's continued adherence to the policies after Plaintiff's

repeated complaints about inadequate medical care constitutes deliberate indifference

to his serious medical needs, in violation of the Eighth Amendment.  Mr. Plummer seeks

monetary relief.

Mr. Plummer cannot maintain his claims against Defendant Daniels, Jane Doe,

and John Doe because he fails to allege specific facts to show that the Defendants were

involved in a deprivation of his constitutional rights.  Personal participation is an

essential element of a *Bivens* action.  *See Kite v. Kelley*, 546 F.2d 334, 338 (1976).

Plaintiff therefore must show that each named Defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisors can only be held liable for their own

deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v.*

*Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only

liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a

person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162

(10th Cir. 2008) ("[ *Bivens*] does not recognize a concept of strict supervisor liability; the

3

defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff does not allege any facts in the body of the Complaint to implicate Defendants John or Jane Doe in the alleged Eighth Amendment deprivations. Accordingly, the John and Jane Doe Defendants are improper parties to this action and will be dismissed.

Furthermore, the fact that Mr. Plummer complained to the Defendant Warden about the alleged inadequate medical treatment in grievances and in verbal communications, without more, is not a sufficient basis to impose *Bivens* liability. *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted). Mr. Plummer does not allege any facts to show that Defendant Daniels' position as warden impacted Plaintiff's health or the decisions made with regard to his treatment, or lack thereof. The warden may reasonably rely on the judgment of prison medical staff. *See Arachov. Nafziger*, No. 09-1095, 367 F. App'x 942, 956 (10th Cir. March 1, 2010) (unpublished) (collecting cases). Defendant Daniels

4

is therefore an improper party to this action and will be dismissed.

The Court will not address at this time the merits of Mr. Plummer's Eighth Amendment claims against Defendants McDermott, Allred, McRoy, and Cink.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that Defendants Daniels, Jane Doe, and John Doe are DISMISSED for Plaintiff's failure to allege those Defendants' personal participation in an alleged deprivation of Mr. Plummer's constitutional rights.   It is

FURTHER ORDERED that the claims against Defendants McDermott, Allred, McRoy, and Cink shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  9th   day of ____April_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5