IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00440-CMA-MJW

RONALD PLUMMER,

Plaintiff(s),

v.

DANIELS, Warden,
MCDERMOTT, Hospital Administrator,
ALLRED, Clinical Director,
MCROY, Mid-Level Provider,
CINK, Mid-Level Provider,
JANE DOE, and
JOHN DOE,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe


      It is hereby ORDERED that the plaintiff's Motion for Reconsideration (Docket No. 15) is denied.  Plaintiff seeks reconsideration of Judge Babcock's dismissal of plaintiff's claims against defendant Warden Daniels.  (Docket No. 8).

      "The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).  "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order."  Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, 115 F. Supp.2d at 1256 (quotation and internal quotation marks omitted).  "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party

must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

The three major grounds that justify reconsideration are : (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988). Here, I find that the plaintiff has failed to demonstrate any basis in law or fact for this court to reconsider Judge Babcock's Order (Docket No. 8) under Shields. Id. In his motion, plaintiff emphasizes some of the alleged acts by the Warden, but those facts were averred in his Amended Complaint (Docket No. 7), which was thoroughly considered by Judge Babcock who determined that the Warden was an improper party. I find there is no basis for reconsideration of Judge Babcock's determination.

Date:   April 23, 2013