IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00440-CMA-MJW

RONALD PLUMMER,

Plaintiff(s),

v.

DANIELS, Warden,
MCDERMOTT, Hospital Administrator,
ALLRED, Clinical Director,
MCROY, Mid-Level Provider,
CINK, Mid-Level Provider,
JANE DOE, and
JOHN DOE,

Defendant(s).

---

**RECOMMENDATION
THAT CLAIMS AGAINST DEFENDANT McROY BE DISMISSED WITHOUT
PREJUDICE BASED UPON THE PLAINTIFF'S FAILURE TO SERVE AND FAILURE
TO PROSECUTE**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on April 18, 2013. (Docket No. 13).

This action was commenced on February 19, 2013 (Docket No. 1). One of the defendants (McRoy), however, has not yet been served. The U.S. Marshal Service attempted service on defendant McRoy at the address provided by the plaintiff (see Docket No. 1 at 3), but service was refused because McRoy "no longer works for B.O.P." (Docket No. 25).

This court thus issued an Order to Show Cause on May 14, 2013, in which

2

plaintiff was directed to show cause at a hearing on July 9, 2013, why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 as against defendant McRoy for failure to serve and failure to prosecute. (Docket No. 26). During that hearing, plaintiff was unable to provide the court with a current address for defendant McRoy at which he could be served.

Prior to the Show Cause Hearing, plaintiff advised the court that he had sent a copy of the summons and complaint to the United States Attorney for the District of Colorado, whom plaintiff claims is authorized by law to receive service of process for defendant McRoy, citing Fed. R. Civ. P. 4(e)(2)(c). (Docket No. 28). In addition, plaintiff sent a letter to the court with an address that purportedly was for defendant McRoy and requested that service be made. The address plaintiff provided, however, was for Assistant U.S. Attorney J. Benedict Garcia in Denver, rather than for defendant McRoy. (Docket No. 30). This court thus denied plaintiff's request to serve Assistant U.S. Attorney J. Benedict Garcia. (See Docket No. 36, Minute Order entered June 14, 2013).

While the court understands that the plaintiff is incarcerated and thus has limited resources to search for defendant McRoy's current address, it is not the court's nor the Bureau of Prisons' responsibility to search for defendant McRoy's current address, and the United States Attorney is not required to accept service on behalf of defendant McRoy.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be

3

> made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the plaintiff's claims against defendant McRoy be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 for failure to serve and failure to prosecute.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

4

**v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  July 10, 2013                          s/ Michael J. Watanabe
       Denver, Colorado                    Michael J. Watanabe
                                         United States Magistrate Judge