IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02613-BNB

RONALD PLUMMER,

    Plaintiff,

v.

LISA MCDERMOTT,
DAVID ALLRED,
BRAD CINK, and
JOHN DOE, Medical Trip Coordinator,

    Defendants.

ORDER TO SHOW CAUSE

    Plaintiff, Ronald Plummer, initiated this action by submitting *pro se* a Prisoner Complaint. He has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    The Court must construe Mr. Plummer's filings liberally because he is representing himself. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Plummer will be directed to show cause why the instant action should not be dismissed.

    The Court's docketing system reflects that Mr. Plummer's Prisoner Complaint in this action substantially mirrors the claims that Mr. Plummer asserts in **Ronald Plummer v. McDermott, et al.,** Civil Action No. 13-cv-00440-CMA-MJW, against the same defendants. "[G]enerally, a suit is duplicative if the claims, parties, and available

relief do not significantly differ between the two actions." ***Park v. TD Ameritrade Trust Co., Inc.***, No. 11-1157, 461 F. App'x 753, 755 (10th Cir. Feb. 14, 2012) (unpublished) (quoting ***Serlin v. Arthur Andersen & Co.***, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citation omitted). A duplicative suit may be dismissed for reasons of "wise judicial administration." ***Serlin***, 3 F.3d at 223 (quoting ***Ridge Gold Standard Liquors v. Joseph E. Seagram***, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing ***Colorado River Water Conservation District v. United States***, 424 U.S. 800, 817 (1976)); ***Curtis v. Citibank, N.A.***, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); ***accord Williams v. Madden***, Case No. 00-1130, 2001 WL 661086 at \*1 and n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

The Prisoner Complaints in the two actions assert identical claims under § 1983 for denial of adequate medical care, in violation of Plaintiff's Eighth Amendment right, against Defendants McDermott, Allred and Cink. Furthermore, the Prisoner Complaints seek identical remedies. Although the Prisoner Complaint in this action includes a claim against an additional Defendant, John Doe Medical Trip Coordinator, and some related factual allegations that are not alleged in Civil Action No. 13-cv-00440-CMA-MJW, those minor differences are not a sufficient basis to maintain two separate suits. Accordingly, it is

ORDERED that Plaintiff, Ronald Plummer, is directed to show cause **within twenty (20) days** why the instant action should not be dismissed as duplicative of

***Ronald Plummer v. McDermott, et al.*,** Civil Action No. 13-cv-00440-CMA-MJW.  It is

FURTHER ORDERED that if Mr. Plummer fails to show cause as directed within the time allowed, the Prisoner Complaint and the instant action will be dismissed without further notice.  It is

FURTHER ORDERED that the clerk of the Court file a copy of this Order in ***Ronald Plummer v. McDermott, et al.*,** Civil Action No. 13-cv-00440-CMA-MJW .

DATED September 25, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge