IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02613-BNB

RONALD PLUMMER,

    Plaintiff,

v.

LISA MCDERMOTT,
DAVID ALLRED,
BRAD CINK, and
JOHN DOE, Medical Trip Coordinator,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Ronald Plummer, initiated this action by submitting *pro se* a Prisoner Complaint. He has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    The Court must construe Mr. Plummer's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action without prejudice.

    On September 25, 2013, Magistrate Judge Boyd N. Boland issued an order to directing Mr. Plummer to show cause, in writing and within thirty (30 days), why the instant action should not be dismissed without prejudice as duplicative of the claims Plaintiff asserts in *Ronald Plummer v. McDermott, et al.*, Civil Action No. 13-cv-00440-CMA-MJW, against the same defendants.

"[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, No. 11-1157, 461 F. App'x 753, 755 (10th Cir. Feb. 14, 2012) (unpublished) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993)) (internal quotation marks and citation omitted). A duplicative suit may be dismissed for reasons of "wise judicial administration." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, Case No. 00-1130, 2001 WL 661086 at *1 and n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

The Prisoner Complaints in the two actions assert identical claims against Defendants McDermott, Allred, and Cink under *Bivens* alleging the denial of adequate medical care in violation of Plaintiff's Eighth Amendment right. Furthermore, the Prisoner Complaints seek identical remedies. Although the Prisoner Complaint in this action includes a claim against an additional Defendant, John Doe Medical Trip Coordinator, and some related factual allegations that are not alleged in Civil Action No. 13-cv-00440-CMA-MJW, these minor differences are not a sufficient basis to maintain two separate suits.

Mr. Plummer filed a "Motion to Show Cause" (response to the order to show cause) [Doc. # 7] on October 11, 2013. In the response, Plaintiff explains that he filed

this action because he failed to exhaust his administrative remedies before filing Civil Action No. 13-cv-00440-CMA-MJW, and he was attempting to protect his rights as he understood them under *Steele v. United States Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (recognizing that prisoner who fails to exhaust administrative remedies prior to filing suit may reinstitute the action, upon completion of the exhaustion process) (internal citation omitted), *over-ruled on other grounds by Jones v. Bock*, 459 U.S. 199 (2007). The defendants in 13-cv-00440-CMA-MJW have moved for summary judgment on the ground that Mr. Plummer failed to exhaust administrative remedies before initiating the *Bivens* suit. [*See* 13-cv-00440-CMA-MJW, at # 40]. It appears that Plaintiff completed the exhaustion procedure approximately one month after filing. [*Id.*, Doc. # 48, at 3]. The Court has not yet ruled on the defendants' dispositive motion.

The Court finds that the instant action should be dismissed in the interest of "wise judicial administration." *Serlin*, 3 F.3d at 223. Mr. Plummer concedes that this case is duplicative of Civil Action No. 13-cv-00440-CMA-MJW. The fact that 13-cv-00440-CMA-MJW may ultimately be dismissed for Plaintiff's failure to exhaust administrative remedies does not warrant the maintenance of two nearly identical actions. Moreover, the Court notes that the defendants in 13-cv-00440-CMA-MJW have filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on grounds other than exhaustion [*id.*, Doc. # 54].

Mr. Plummer's remedy is to await the outcome of 13-cv-00440-CMA-MJW. If the action is dismissed without prejudice, Mr. Plummer may file a new civil suit at that time. There is no significant risk that the applicable two-year statute of limitations will bar his claims upon refiling because the acts he complains of began in October 2012. [*See*

13-cv-00440-CMA-MJW, Doc. # 1, at 4]. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994) (holding that *Bivens* claims are "subject to the statute of limitations of the general personal injury statute in the state where the action arose."); COLO. REV. STAT. § 13-80-102 (2013) (providing for a two-year statute of limitations for personal injury actions).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Plummer files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE as duplicative of Action No. 13-cv-00440-CMA-MJW. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Plummer may file a motion in the Tenth Circuit. It is

FURTHER ORDERED that the clerk of the Court file a copy of this Order in

*Ronald Plummer v. McDermott, et al.*, Civil Action No. 13-cv-00440-CMA-MJW .

DATED at Denver, Colorado, this   16th   day of     October        , 2013.

BY THE COURT:

   s/Christine M. Arguello
CHRISTINE M. ARGUELLO,
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court