IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00440-CMA-MJW

RONALD PLUMMER,

Plaintiff(s),

v.

MCDERMOTT, Hospital Administrator,
ALLRED, Clinical Director, and
CINK, Mid-Level Provider,

Defendant(s).

---

**RECOMMENDATION ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 40)**
**and**
**DEFENDANTS' MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(b)(1) and 12(b)(6) (Docket No. 54)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order Referring Case issued by Judge Christine M. Arguello on April 18, 2013 (Docket No. 13).

This action is brought pursuant to 18 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). When the action was commenced, the pro se plaintiff, Ronald Plummer, was incarcerated at the U.S. Penitentiary in Florence, Colorado. He is now incarcerated in Orient, Ohio. (See Docket No. 70). Only three defendants remain. (See Docket No. 59). Plaintiff alleges

they violated the Eighth Amendment by being deliberately indifferent to his serious medical needs. More specifically, plaintiff alleges that the defendants did not adequately respond to his many sick call requests seeking medical assistance for pain from a hernia and that while defendant Dr. Allred determined that plaintiff should see an outside doctor for his hernia, plaintiff has not been seen by such an outside doctor.

Now before the court for a report and recommendation are the defendants' two dispositive motions: (1) Defendants' Motion for Summary Judgment (Docket No. 40) and (2) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 54). Plaintiff filed responses (Docket Nos. 48 and 64, respectively), and defendants filed replies (Docket Nos. 50 and 67, respectively). The court has considered all of these motions papers as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions of law, and recommendations.

In their first motion, brought pursuant to Fed. R. Civ. P. 56, defendants seek summary judgment on the three remaining claims (claims three through five) because plaintiff did not exhaust his administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1995 (" PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires exhaustion as a "precondition" to bringing litigation and requires dismissal where a litigant has failed to complete exhaustion before initiating a suit. See

Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1140-41 (10th Cir. 2005). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

The Bureau of Prisons ("BOP") has a four-step administrative procedure for prisoner grievances codified at 28 C.F.R. §§ 542.10 - 542.19. First, the prisoner is required to seek informal resolution of his complaint with prison staff. 28 C.F.R. § 542.13. If the prisoner does not obtain a satisfactory result, except in limited circumstances not present here, he must then address his complaint through a formal written Request for Administrative Remedy on a "BP-9" form. 28 C.F.R. §§ 542.13, 542.14. If the prisoner is dissatisfied with the response to his BP-9, the prisoner must then submit a Regional Office Administrative Remedy Appeal to the appropriate Regional Director on a "BP-10" form. 28 C.F.R. § 542.15(a). This BP-10 form must be submitted to the Regional Director no later than "20 calendar days of the date the Warden signed the response," but extensions may granted. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the prisoner must then submit a

Central Office Administrative Remedy Appeal with the National Inmate Appeals Administrator in the in the Office of the General Counsel in Washington, D.C., on a "BP-11" form. See 28 C.F.R. § 542.15. That form must be submitted no later than "30 calendar days of the date the Regional Director signed the response," but extensions may be granted. 28 C.F.R. § 542.15(a). The appeal to the General Counsel in the Central Office is the final step of the administrative remedy process through the BOP. 28 C.F.R. § 542.15(a).

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to exhaust his administrative records fully. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." ). There is, however, a recognized exception to the requirement when an inmate has been prevented from filing a grievance. See id. "When prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted prior to initiation of [an] . . . action." Main v. Martin, 2009 WL 215404, *5 (D. Colo. Jan. 22, 2009). There has been no showing or allegation here that plaintiff has been prevented from filing his grievance at any of the four steps.

Defendants have shown that plaintiff did not exhaust his administrative remedies prior to the commencement of this action. Defendants' arguments are supported by an affidavit and documentation which show the following. On November 13, 2012, plaintiff filed his Request for Administrative Remedy at the institution seeking a hernia operation (Docket No. 37-2 at 20). A response was given, telling plaintiff that "an inquiry was

done with medical and HSA Keller is making a determination on your issue." (Docket No. 37-2 at 21). Plaintiff filed an Administrative Remedy Appeal to the Regional Director dated December 4, 2012. (Docket No. 37-2 at 24). In a response dated December 17, 2012, plaintiff was told, among other things, that he had been approved to be evaluated by a general surgeon for his inguinal hernia and that an appointment would be scheduled in the near future. (Docket No. 37-2 at 23). Plaintiff was advised if he was dissatisfied with the response, he may appeal to the Office of General Counsel, and that his appeal must be received within 30 days from the date of the response. (Docket No. 37-2 at 23). On January 15, 2013, the Office of General Counsel received the plaintiff's appeal. (Docket Nos. 37-2 at 27; 47 at 5). According to defendants, a response was due by **March 16, 2013** (Docket No. 47 at 6), which consisted of the 40 days permitted for reply and the 20 days allowed for an extension.

Prior to a response being issued by General Counsel in the Central Office and prior to the time General Counsel had to respond had elapsed, however, plaintiff commenced this action. His original Complaint (Docket No. 1) is dated February 6, 2013, and was filed on February 19, 2013.

In his Response (Docket No. 47 at 2) to defendants' motion, plaintiff claims he did exhaust his administrative remedies because all of his claims were exhausted on March 16, 2013, which was nine days before the filing of his Amended Complaint. Dismissal, however, is required by the PLRA because plaintiff brought this action before the time for the General Counsel to respond to his appeal had elapsed. Horton v. Davis, 2013 WL 500482 (D. Colo. Feb. 11, 2013). This case was "brought," or commenced, by the filing of his original pleading, not his amended pleading. His

exhaustion prior to the filing of an amended pleading does not cure his pre-filing failure to exhaust. See id. at *2 (noting that "[u]nder similar provisions of the Federal Tort Claims Act, the Tenth Circuit has held that even the filing of an amended complaint once exhaustion has been perfected will not cure the pre-filing failure to fully exhaust.").

"Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." Id. at *1 (quoting Ruppert v. Aragon, 448 Fed. Appx. 862, 863 (10th Cir. Feb. 9, 2012), cert. denied, 133 S.Ct. 137 (2012)); Merrell v. Allred, 2013 WL 1365788, at *5 (D. Colo. Jan. 17, 2013) ("[I]n the Tenth Circuit, exhausting administrative remedies after a complaint is filed does not save a claim from dismissal."), adopted by 2013 WL 1365767 (D. Colo. Apr. 4, 2013). This court is thus constrained to recommend dismissal without prejudice based upon the plaintiff's failure to exhaust administrative remedies prior to bringing this action.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion for Summary Judgment (Docket No. 40) be **granted**, and this case be dismissed without prejudice based upon the plaintiff's failure to exhaust his administrative remedies prior to bringing this action. It is thus further

**RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 54) be **denied as moot**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: January 24, 2014
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge